DOWNING, J.,
dissenting.
| Substantial rights of Gerald Estrade have been prejudiced in that he has been deprived of 90 days of educational good *498 time he earned. Accordingly, this court should reverse the judgment of the trial court and modify the decision of the Louisiana Department of Public Safety and Corrections (Department) pursuant to La. R.S. 15:1177(A)(9)(e) to ensure that Es-trade receives the full 180 days educational good time he has earned.
Louisiana has the highest per capita prison population in the country. When passing La. R.S. 15:828 the legislature, very wisely, intended to encourage inmates to pursue literacy because literacy tends to reduce recidivism rates. An inmate may accrue regular good time by just staying out of trouble, without any effort designed to keep him from returning to a life of crime. Those inmates who make the extra effort to better themselves should be encouraged in every way possible. To interpret a rule such that an inmate who actively betters himself receives in fact only one half of the 180 days he was told to expect is not logical, not in accordance with the legislative intent, and is arbitrary and capricious.
| aWhiIe the record does not include the calculations, all parties agree that Estrade realized only one half of the 180 days credit he actually earned by attending the educational program.[1] I note that had the Department used a multiplier of two in calculating the educational good time, Petitioner would have realized the entire amount of goodtime earned.
Accordingly, I would find merit in Es-trade’s assignments of error seeking modification of the Department’s decision to reflect that Estrade is given an actual 180 days educational good time reduction in sentence. We should reverse the judgment of the trial court dismissing Es-trade’s petition and render accordingly.

. Both the statute and the administrative code authorize the Department to make rules to calculate educational good time. In this case, I assume that the Department employed a calculation similar to the following: (Length of year sentence in days 7670, less 180 days good time credit) (times .5) = 3745 under the formula we assume the Department utilized. This resulted in an actual 90-day reduction in Estrade’s sentence. If, however, the Department applied a multiplier of 2 to the educational credit awarded, the reduction in Es-trade’s sentence would have been a 180 days.
Thus, applying an appropriate multiplier to the calculation will not result in the inmate being awarded more good time than allowed by law. The multiplier merely helps to ensure that full educational good time will be awarded.